NO.
12-04-00025-CV

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

THE STATE
OF TEXAS FOR                        '                 APPEAL
FROM THE 

 

 

THE BEST
INTEREST AND                          '                 COUNTY
COURT AT LAW

 

 

PROTECTION
OF G.S.P.                               '                 CHEROKEE
COUNTY, TEXAS

                                                                                                    
                                                       

                                                     MEMORANDUM
OPINION

Appellant
G.S.P. appeals from an order for temporary inpatient mental health
services.  In five issues, G.S.P.
challenges the legal and factual sufficiency of the evidence and also asserts
federal and state due process and equal protection violations.  We affirm.

 

                                                               Background

On
January 5, 2004, an application for court-ordered temporary mental health
services was filed requesting the court commit G.S.P. to Rusk State Hospital
(the AHospital@) for a period not to exceed ninety
days.  The application was supported by
two certificates of medical examination for mental illness.  One of the certificates was prepared by a Dr.
Cuellar who examined G.S.P. on January 5, 2004.  In Dr. Cuellar=s
opinion, G.S.P. is suffering from schizoaffective disorder, bipolar type, and
is likely to cause serious harm to others. 
As a basis for his opinion, the doctor stated that on January 4, 2004,
G.S.P. had threatened to kill his son. 
Additionally, G.S.P. was highly agitated, actively hallucinating,
paranoid, and running in his underwear in public.  








The
second certificate was completed by Dr. Zaki Moin.  He examined G.S.P. on January 7, 2004, and
concurred in Dr. Cuellar=s
diagnosis.  Dr. Moin concluded that
G.S.P. is likely to cause serious harm to others and is suffering severe and
abnormal mental, emotional or physical distress; is experiencing substantial
mental or physical deterioration of his ability to function independently,
which is exhibited by the proposed patient=s
inability, except for reasons of indigence, to provide for his basic needs,
including food, clothing, health, or safety; and is unable to make a rational
and informed decision as to whether or not to submit to treatment.  As the basis for his opinion, Dr. Moin cited
G.S.P.=s threat
against his son and also stated that G.S.P. had made threatening statements
about the people he had been in contact with prior to coming to the Hospital.

On
January 13, 2004, a hearing without a jury was conducted on the application.  Dr. Moin
testified and reaffirmed the opinion stated in his certificate of medical
examination.   He stated that his opinion
is based on his review of the records and talking to G.S.P.  Dr. Moin learned that G.S.P. had threatened
to kill his son and made threatening statements about people he had been in
contact with prior to coming to the Hospital. 
G.S.P. also believed people were after him or out to get him and that he
had been threatened by them.  In
addition, Dr. Moin received a report that G.S.P. became combative with officers
at ETMC.  G.S.P. also believes that the
Texas Rangers are after him and that he is here on a mission.  According to Dr. Moin, G.S.P.=s threat to kill his son was one of the
reasons G.S.P. was admitted to the Hospital. 
The doctor testified that the Hospital is the least restrictive
alternative at the time.

On
cross examination, Dr. Moin stated that he had learned about the threat to
G.S.P.=s son
from a social worker, not from G.S.P.=s
family.  He also testified that upon
learning of the threat, G.S.P.=s
family believed the threat was Arealistic.@ 
The doctor was unaware of the circumstances under which the threat was
made.  Although Dr. Moin stated that
G.S.P. had been taking his medication, he also noted that G.S.P. had received
emergency medication the day before after becoming Aagitated,
psychotic agitation.@

G.S.P. testified that he was ready to be discharged and that
his son and daughter in law would pick him up and go to Lufkin.  He denied threatening his son and stated that
the information could be somebody=s delusion.  He stated
that he has no intention of doing anyone any harm.  However, he admitted that he got to the
Hospital because he was picked up by the police on a friend=s property after being accused of making a terroristic
threat.








At
the conclusion of the hearing, the court granted the application for temporary
inpatient mental health services.  The court also signed an order including findings that
G.S.P. is mentally ill and is likely to cause serious harm to others.  This appeal followed.

 

                                              Sufficiency of the Evidence

In his first issue, G.S.P. contends that the evidence is
legally and factually insufficient to support the commitment order.  Specifically, G.S.P. contends that the State
did not prove an overt act or continuing pattern of behavior as required by
Section 574.034 of the Texas Health and Safety Code.  Therefore, G.S.P. concludes, the State=s evidence only amounts to a showing that he is mentally
ill, which is insufficient to support the trial court=s order.

Standard
of Review

In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, we must look at all the evidence in the light most favorable to the
finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its findings were true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  We must assume that the
fact finder settled disputed facts in favor of its finding if a reasonable fact
finder could do so and disregard all evidence that a reasonable fact finder
could have disbelieved or found incredible. 
Id.  This does not
mean that we are required to ignore all evidence not supporting the finding
because that might bias a clear and convincing analysis.  Id. 

The
appropriate standard for reviewing a factual sufficiency challenge is whether
the evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the petitioner=s
allegations.  In re C.H.,
89 S.W.3d 17, 25 (Tex. 2002).  In
determining whether the fact finder has met this standard, we consider all the
evidence in the record, both that in support of and contrary to the trial court=s findings.  Id. at 27-29.  Further, we must consider whether disputed
evidence is such that a reasonable fact finder could not have reconciled that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.  If the disputed evidence is so significant
that a fact finder could not reasonably have formed a firm belief or
conviction, then the evidence is factually insufficient.  Id.  

 








Order for
Temporary Mental Health Services

The
trial judge may order a proposed patient to receive court-ordered temporary
inpatient mental health services if the judge or jury finds, from clear and
convincing evidence, that the proposed patient is mentally ill and, as a result
of the mental illness, he is likely to cause serious harm to himself, is likely
to cause serious harm to others, or is (i) suffering severe and abnormal
mental, emotional, or physical distress, (ii) experiencing substantial mental
or physical deterioration of his ability to function independently, which is
exhibited by his inability, except for reasons of indigence, to provide for his
basic needs, including food, clothing, health, or safety, and (iii) unable to
make a rational and informed decision as to whether or not to submit to
treatment.  Tex. Health & Safety Code Ann. ' 574.034(a) (Vernon 2003). 

To
be clear and convincing under this statute, the evidence must include expert
testimony and, unless waived, evidence of a recent overt act or a continuing
pattern of behavior that tends to confirm either the likelihood of serious harm
to the proposed patient or others or the proposed patient=s distress and the deterioration of her
ability to function.  Tex. Health & Safety Code Ann. ' 574.034(d) (Vernon 2003).  Clear and convincing evidence means the
measure or degree of proof which will produce in the mind of the trier of fact
a firm belief or conviction as to the truth of the allegations sought to be
established.  State v. Addington,
588 S.W.2d 569, 570 (Tex. 1979).  The
statutory requirements for an involuntary commitment are strict because it is a
drastic measure.  In re C.O.,
65 S.W.3d 175, 182 (Tex. App.BTyler
2001, no pet.). 

Analysis

The
State provided expert testimony explaining that G.S.P. is mentally ill and
describing him as delusional, paranoid, believing that others are after him or
out to get him, threatening to kill others, and combative with ETMC personnel.  This testimony is based on the doctor=s personal examination of G.S.P.,
interviews with G.S.P.=s
family and social worker, and review of G.S.P.=s
medical records.  This testimony
constitutes expert testimony of an overt act that tends to confirm the
likelihood of serious harm to others, thus satisfying the statutory requirement
for clear and convincing evidence in support of the order for temporary inpatient
mental health services.  See Tex. Health & Safety Code Ann. ' 574.034(d).  Therefore, the evidence is legally sufficient
to support the trial court=s
order. 








G.S.P.
denied that he threatened his son. 
However, the trial court could have disbelieved G.S.P.=s testimony and reconciled this
disputed evidence in favor of its finding. 
Moreover, G.S.P. did not dispute that he had threatened others or that
he became combative with ETMC personnel. 
Therefore, the evidence is factually sufficient to support the trial
court=s
order.  We overrule G.S.P.=s first issue.

 

                                                Constitutional Violations

In
his second and third issues, G.S.P. contends the trial court erred in rendering
judgment in violation of state and federal due process guarantees.  He asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and
ambiguous so the statute is susceptible to a variety of interpretations, making
it violative of the due process clause of each constitution.  In his fourth and fifth issues, he asserts
that application of section 574.034 results in a violation of his right to
equal protection under both the state and federal constitutions.  

G.S.P.
did not complain to the trial court that his state and federal constitutional
rights to due process and equal protection were being violated.  A constitutional claim must have been
asserted in the trial court to be raised on appeal.  Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993).  Therefore, G.S.P.
has not preserved these complaints for review. 
We overrule G.S.P.=s
second, third, fourth, and fifth issues.

 

                                                                 CONCLUSION

Having
overruled G.S.P.=s first,
second, third, fourth, and fifth issues, the trial court=s
order is affirmed.

 

  
 SAM GRIFFITH   

   Justice

 

Opinion
delivered May 19, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

                                                                     (PUBLISH)